IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TOMMY BOLDIN, # 142961,        )
                               )
      Petitioner,             )
                               )
      v.                  )      Civil Action No. 2:17cv170-WKW
                               )             (WO)
LEON BOLLING, *et al.,*        )
                               )
      Respondents.         )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is before the court on state inmate Tommy Boldin's ("Boldin") petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. No. 1. Boldin challenges Alabama authorities' calculation of his release date from the 30-year sentence imposed by the Circuit Court of Montgomery County for his 1986 conviction for attempted murder. The respondents maintain Boldin has not exhausted his state court remedies regarding his claim that his sentence has expired. *See* Doc. No. 7 at 2–4.

## DISCUSSION

A petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State." 28 U.S.C. § 2254(1)(b)(1)(A). Because Boldin is "in custody pursuant to the judgment of a State court," he is subject to § 2254's exhaustion requirement. *See Dill v. Holt*, 371 F.3d 1301, 1302–03 (11th Cir. 2004). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State

to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including review by the state's court of last resort, even if review in that court is discretionary. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999); *see Pruitt v. Jones,* 348 F.3d 1355, 1359 (11th Cir. 2003).

Under Alabama law, a petition for a writ of habeas corpus filed in the state circuit court in the jurisdiction where the inmate is incarcerated is the proper method to initiate a challenge to the State's calculation of the time an inmate must serve in prison. *See Gunn v. State,* 12 So.3d 711, 712 (Ala. Crim. App. 2007); *Day v. State,* 879 So.2d 1206, 1207 (Ala. Crim. App. 2003). To invoke "one complete round" of Alabama's established appellate review process, a petitioner receiving an unfavorable decision by the state circuit court must then properly seek review in the Alabama Court of Criminal Appeals and, if a unfavorable decision is obtained in the Alabama Court of Criminal Appeals, properly seek certiorari review by the Alabama Supreme Court. *Williams v. Billups*, No. 1:13cv929-WHA, 2016 WL 3007140, at * 2 (M.D. Ala. Mar. 30, 2016); *see Dill* 371 F.3d at 1303; *Pruitt,* 348 F.3d at 1359. Evidentiary materials submitted by the respondents with their answer reflect that Boldin has not exhausted his claim in the Alabama courts. *See* Doc. No. 7.

In response to this court's order directing him to show cause why his § 2254 petition should not be dismissed to allow him to exhaust in the state courts, Boldin, through counsel, concedes he has not exhausted his state remedies regarding the claim in his petition,

indicates he has a state petition for writ habeas corpus raising the claim pending in the Bessemer Division of the Circuit Court of Jefferson County (the state circuit court in the jurisdiction where he is incarcerated),[1] and states he has no objection to dismissal of his § 2254 petition without prejudice to allow him to exhaust his available state remedies.  *See* Doc. Nos. 8 & 10.

This court does not deem it appropriate to rule on Boldin's federal habeas claim without first allowing him to exhaust his available state court remedies.  *See* 28 U.S.C. § 2254(1)(b)(2).  Consequently, Boldin's petition for writ of habeas corpus under 28 U.S.C. § 2254 should be dismissed without prejudice so he can pursue those remedies.

### CONCLUSION

It is therefore the RECOMMENDATION of the Magistrate Judge that Boldin's 28 U.S.C. § 2254 petition for habeas corpus relief (Doc. No. 1) should be DISMISSED without prejudice, because Boldin has not exhausted his state court remedies.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before June 5, 2017.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of

---

[1] Boldin is incarcerated at the Donaldson Correctional Facility in Bessemer, Alabama, which is located in Jefferson County, Alabama.

legal and factual issues covered in the Recommendation and waives the right of the party

to challenge on appeal the District Court's order based on unobjected-to factual and legal

conclusions accepted or adopted by the District Court except upon grounds of plain error

or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-

1. *See Stein v. Lanning Securities, Inc.,* 667 F.2d 33 (11th Cir. 1982). *See also Bonner v.*

*City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent

all decisions of the former Fifth Circuit handed down prior to the close of business on

September 30, 1981.

      DONE this 18th day of May, 2017.


                /s/Terry F. Moorer
                TERRY F. MOORER
                United States Magistrate Judge